# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------------X
SHOLAM WEISS a/k/a SHOLEM WEISS, Individually
and as Custodian or Administrator for ABRAHAM
WEISS, ISAAC WEISS, JOEL WEISS, BORUCH
WEISS, YOEL WEISS, CHAIM WEISS, NACHMAN
WEISS, and GOLDY FEIG,

              Petitioner,

              -against-

JUDA LEFKOWITZ a/k/a CHAIM LEFKOWITZ and
SURIE LEFKOWITZ a/k/a SURA LEFKOWITZ,
Individually and as Trustees of JUDA AND SURIE
LEFKOWITZ 2016 JOINT REVOCABLE TRUST;
3920 15 AVENUE LLC; 4002 15 AVENUE LLC;
2389 CONEY ISLAND LLC; and

              Respondents.
-------------------------------------------------------------------X

Index No.:

Special Proceeding

**VERIFIED PETITION TO COMPEL ARBITRATION**

Petitioner SHOLAM WEISS a/k/a SHOLEM WEISS, Individually and as Custodian or Administrator for ABRAHAM WEISS, ISAAC WEISS, JOEL WEISS, BORUCH WEISS, YOEL WEISS, CHAIM WEISS, NACHMAN WEISS, and GOLDY FEIG (hereinafter referred to as "Weiss" or "Petitioner"), by and through his attorneys, BOCHNER PLLC and ABRAMS FENSTERMAN, LLP, as and for his Verified Petition against JUDA LEFKOWITZ a/k/a CHAIM LEFKOWITZ (hereinafter "Mr. Lefkowitz") and SURA LEFKOWITZ (hereinafter "Mrs. Lefkowitz"; together with Mr. Lefkowitz, "Respondents"), states, upon information and belief, as follows:

1.      This is a special proceeding to compel arbitration pursuant to C.P.L.R. § 7503(a) of an intra-family dispute between Petitioner and Respondents regarding the ownership of a company and several properties and for an injunction pending arbitration. The parties were in the middle of the arbitration process when Respondents stormed out of the proceeding. Despite having

1

commenced arbitration in response to Petitioner's demand, Respondents now summarily refuse to continue with the in-progress arbitration and appear poised to dispose of those assets. Petitioner seeks this Court's intervention in compelling Respondents to complete the alternative dispute resolution process in which they have already acquiesced and participated.

## THE PARTIES

2. Petitioner is, and at all times hereinafter mentioned was, an individual residing in the State of New York.

3. Mr. Weiss is, and at all times hereinafter mentioned was, an individual residing in the State of New York, County of Rockland.

4. Upon information and belief, Respondents, who are husband and wife, are individuals residing in the State of New York with a shared residence in the County of Kings.

5. ABRAHAM WEISS, ISAAC WEISS, and JOEL WEISS are Mr. Weiss' sons.

6. BORUCH WEISS, YOEL WEISS, CHAIM WEISS, and NACHMAN WEISS are Mr. Weiss' nephews.

7. GOLDY FEIG is Mr. Weiss' wife.

8. Mrs. Lefkowitz is Mr. Weiss' sister.

9. Mr. Lefkowitz is Mr. Weiss' brother-in-law.

10. JUDA AND SURIE LEFKOWITZ 2016 JOINT REVOCABLE TRUST is a revocable trust settled by Mr. and Mrs. Lefkowitz in or about 2016.

11. Upon information and belief, 3920 15 AVENUE LLC, 4002 15 AVENUE LLC, and 2389 CONEY ISLAND LLC are limited liability companies owned by the Lefkowitz family and over which Mr. and Mrs. Lefkowitz have direct and total control.

2

## AS AND FOR PETITIONER'S FIRST CLAIM
(Compelling Arbitration Pursuant to C.P.L.R. § 7503(a))

12. Over time, disputes under Jewish law (*halakha*) arose within the family with regard to ownership of a business named World Wide Plumbing Supply (hereinafter the "Company") and the following properties: 1582 48th Street, Brooklyn, New York a/k/a 4804 16th Avenue, Brooklyn, New York 11204; 3920 15th Avenue, Brooklyn, New York 11218; 4002 15th Avenue, Brooklyn, New York 11218; 2389 Coney Island Avenue, Brooklyn, New York 11223; 98 Seven Springs Road, Highland Mills, New York 10930 a/k/a 101, 102, and 106 Long View Farms Road, Highland Mills, New York 10930; 175 Seven Springs Road, Highland Mills, New York 10930; and 3425 Prairie Avenue, Miami Beach, Florida 33140 (hereinafter collectively the "Properties").

13. Mr. Weiss and Respondents are Orthodox Jews.

14. In line with their religious beliefs, Mr. Weiss sought to have the dispute with Respondents, which arises under Jewish law, adjudicated in a rabbinical court.

15. Mr. Weiss, as the individual in his family who is most familiar with the history of the Company and the Properties and in his own behalf as well as on behalf of various members of his family, caused to be issued process from the Rabbinical Court of Kolel Tartikov.

16. The Rabbinical Court summonses were issued at Mr. Weiss' instigation on or about November 25, 2021, December 12, 2021, and January 26, 2022. See Translated Rabbinical Court Summonses, annexed hereto as Exhibit A.

17. The first summons explicitly named the Company and the Properties as the subject of the arbitration sought by Mr. Weiss. See Ex. A, at 2.

18. In response to the summonses, Respondents agreed in writing to proceed to Rabbinical Court arbitration and retained Rabbi Gershon Spiegel, a Rabbinical Court advocate referred to as a toen, to represent them in the proceedings before the Rabbinical Court.

19. However, rather than agreeing to arbitrate before the Rabbinical Court of Kolel Tartikov, Respondents instead elected in writing to utilize the Zebla method for constituting the Rabbinical Court. Pursuant to the Zebla method, Petitioner and Respondents agreed in writing that they would arbitrate before a three-rabbi panel comprised of one rabbi designated by Mr. Weiss, one rabbi designated by Respondents, and a third rabbi appointed by the respective designees. See letter from the Rabbinical Court of Kolel Tartikov confirming that Respondents have selected the Zebla method for arbitration, annexed hereto as Exhibit B.

20. Petitioner chose Rabbi Naftali Meir Babad to serve as his designee on the arbitration panel.

21. Respondents chose Rabbi Zalman Graus to serve as their designee on the arbitration panel.

22. Pursuant to the *Zebla* method, Rabbis Babad and Graus conferred and appointed Rabbi Abraham Rosenberg as the third member of the arbitration panel.

23. After a prolonged series of communications between the parties, their toens, and the Rabbinical Court, eight sessions were scheduled for the arbitration.

24. The first arbitration session occurred on June 2, 2022.

25. The second arbitration session occurred on June 8, 2022.

26. During the course of the second arbitration session, Mr. Lefkowitz became frustrated and unruly.

27. In response to Mr. Lefkowitz's poor behavior, one of the members of the arbitration panel raised his voice in an effort to restore order so that the session could continue.

28. In response to the attempt to calm Mr. Lefkowitz down, Mr. Lefkowitz stormed out in the middle of the session.

29. Mr. Lefkowitz has conceded in writing that he has already engaged in the arbitration, stating in an email to Mr. Weiss, Mrs. Lefkowitz, the parties' respective toens, and the Rabbinical Court that "you all were present and witnessed the incident that occurred at the last hearing that required me to abruptly leave the session." See email conceding participation in arbitration, annexed hereto as Exhibit C.

30. Respondents, believing Mr. Lefkowitz to have been wronged by his treatment at the first arbitration session, have refused to continue the arbitration despite having participated in it for one and one-half sessions.

31. Mr. Weiss remains aggrieved by the inability, due to Respondents' stonewalling, to arbitrate his disputes with Respondents with the arbitrators before whom arbitration is ongoing!

32. In light of the foregoing, Petitioner is entitled to a Judgment, pursuant to C.P.L.R. § 7503(a), compelling Respondents to proceed within thirty (30) days before the arbitrators before whom they have already begun to arbitrate.

33. No prior application has been made for the same or similar relief as requested herein.

**AS AND FOR PETITIONER'S SECOND CLAIM**
(Injunction Pending Arbitration Pursuant to C.P.L.R. § 7502(c))

34. Petitioner repeats and realleges all of the allegations in Paragraphs 1 through 33 as if set forth in full herein.

5

35. Respondents have taken actions which indicate they will transfer or convey to third parties some or all of the Family Assets.

36. Upon information and belief, Respondents intend to convey all or some of the Family Assets.

37. Much of the Family Assets are parcels of real property, which are unique and irreplaceable.

38. Included among the Family Assets is the Company, whose loss would be irreplaceable.

39. Unless an injunction issues, Petitioner would be irreparably harmed.

40. Unless an injunction issues, the object of the arbitration would be vitiated.

41. Unless an injunction issues, an award from the aforementioned arbitration would be rendered largely or entirely ineffectual.

42. In light of the foregoing, Petitioner is entitled to an Injunction pending arbitration, pursuant to C.P.L.R. § 7503(a), enjoining Respondents from taking actions towards the Family Assets which would frustrate in any way the enforceability of an arbitration award in Petitioner's favor, especially as it relates to title to the Family Assets.

43. No prior application has been made for the same or similar relief as requested herein.

**WHEREFORE**, Petitioner demands:

    a. A Judgment, pursuant to C.P.L.R. § 7503(a), compelling Respondents to continue arbitration before the arbitration panel with which the parties have commenced arbitration;

      b.      An Injunction, pursuant to C.P.L.R. § 7502(c), staying and enjoining Respondents from transferring, conveying, encumbering, demolishing, or taking any other action to modify, destroy, or impair the rights to any of the Family Assets, pending the arbitration of this matter;

      c.      An award to Petitioner of costs and disbursements, including reasonable attorneys' fees, of this action, as permitted by law; and

      d.      Such other and further relief as this Honorable Court deems just and proper.

Dated: July 19, 2024
       New York, New York

                       BOCHNER PLLC

BY:   /s/Jeremy M. Doberman
        Jeremy M. Doberman, Esq.
        Isaac M. Diskind, Esq.
        Yakov S. Medinets, Esq.
        1040 Avenue of the Americas, 15th Floor
        New York, New York 10018
        (646) 971-0685
        jeremy@bochner.law
        isaac@bochner.law
        yakov@bochner.law

*Attorneys for Petitioner*

                       ABRAMS FENSTERMAN, LLP

BY:   /s/Jeffrey A. Cohen
        Jeffrey A. Cohen, Esq.
        81 Main Street, Suite 400
        White Plains, New York 10601
        (914) 607-7010
        jcohen@abramslaw.com

*Co-Counsel for Petitioner*

7

## ATTORNEY's VERIFICATION

JEREMY M. DOBERMAN, ESQ. duly affirms and deposes as follows:

I am a Partner of the Law Firm of Bochner PLLC, attorneys for the Petitioner, SHOLAM WEISS, in this action. The foregoing Verified Petition to Compel Arbitration is true to the best of my knowledge and based upon my own personal knowledge, except as to matter therein stated on information and belief, and as to those matters I believe them to be true. The grounds of my belief as to all matters not stated upon my personal knowledge are documents and other information furnished to me by SHOLAM WEISS and the contents of the files maintained at the office of my firm. The reason why the verification is not made by the Petitioner, SHOLAM WEISS, is that, pursuant to C.P.L.R. § 3020(d)(3), the said Petitioner is located in a county other than that in which my practice is located.

Dated: July 19, 2024
      New York, New York

                                                     */s/Jeremy M. Doberman*
                                                     JEREMY M. DOBERMAN, ESQ.