**COVINGTON**

BEIJING   BOSTON   BRUSSELS   DUBAI   FRANKFURT
JOHANNESBURG   LONDON   LOS ANGELES   NEW YORK
PALO ALTO   SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T  +1 212 841 1000

**Via ECF**                                                                                November 4, 2024

The Honorable Kenneth M. Karas
U.S. District Court for the Southern District of New York
Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

      Re:   *Sholam Weiss v. Juda Lefkowitz et al.*, No. 7:24-cv-06046

Dear Judge Karas:

      This firm represents the Respondents in the above-referenced matter. I write in response to the November 1, 2024 letter of Petitioner's counsel.

      The relief sought in Petitioner's letter is for this Court to render a decision on the pending motion to remand. (ECF No. 29, at 1, 3.) To that request, Respondents of course have no objection. We fully trust that this Court will render such a decision in due course.

      That said, the remainder of the letter misperceives the nature of the instant proceeding and the implications of the recently-filed action in Kings County state court. The purpose of the instant proceeding is narrow: whether this Court has jurisdiction to decide Petitioner's petition to compel arbitration and, if so, whether that petition should be granted or denied. It does *not* include a resolution of the underlying purported property dispute, which Petitioner appears to have conjured from thin air. That is a matter to be resolved in another forum. And thus it is plainly incorrect to say, as Petitioner's letter does, that the Kings County state court action constitutes an "end-run around this Court's authority" or a "tacit admission" that the merits of the parties' purported dispute over ownership of the properties should not be litigated in federal court after all. (*Id.* at 2.) Indeed, to the extent the Kings County action seeks as relief the cancellation of improperly-filed notices of pendency against one or more of the properties – notices filed in Kings County, involving properties located in Kings County – it would appear that it is Kings County state court, rather than this Court, that is the proper forum with jurisdiction to resolve that particular matter (although Respondents have absolutely no objection were this Court to resolve it instead).

      The letter is also wrong in suggesting that, by arguing in the Kings County action that Petitioner's claims cannot affect title to the properties at issue in that case, Respondents have "walked back their position" that the federal issues in the case are substantial and should be resolved by this Court. (*Id.*) These are two completely separate

COVINGTON

The Honorable Kenneth M. Karas
November 4, 2024
Page 2

issues.  In the Kings County action, Respondents contend that the notices of pendency are improper because (among other reasons) resolution of the underlying action upon which the notices were filed – i.e., the petition to compel arbitration – will *not* directly affect title to the properties, as is required under the relevant provisions of the N.Y. CPLR, but rather, will resolve only whether Respondents can be compelled to arbitrate the parties' purported dispute over the properties.  That in no way is inconsistent with Respondents' position in the instant proceeding – *i.e.*, that this Court should deny the motion to remand because the petition raises issues of federal law over which this Court has jurisdiction.  (ECF No. 20).

Finally, we need not reiterate here why the letter's suggestion that this entire matter arose out of an ongoing, pending arbitration (ECF No. 29, at 1, 2) is wrong.  Instead, we refer the Court to our prior filings in this matter, which convincingly refute such a suggestion and make clear that Respondents never agreed to arbitrate the purported property dispute with Petitioner.  (ECF No. 26).

I thank the Court for its consideration of this matter.

Respectfully submitted,

/s/  *Alan Vinegrad*

Alan Vinegrad

cc:    Counsel for Petitioner (via ECF)