## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHOLAM WEISS a/k/a SHOLEM WEISS, Individually and as Custodian or Administrator for ABRAHAM WEISS, ISAAC WEISS, JOEL WEISS, BORUCH WEISS, YOEL WEISS, CHAIM WEISS, NACHMAN WEISS, and GOLDY FEIG, | Case. No. 7:24-cv-06046-PMH |
| *Petitioner,* | |
| v. | |
| JUDA LEFKOWITZ a/k/a CHAIM LEFKOWITZ and SURIE LEFKOWITZ a/k/a SURA LEFKOWITZ, Individually and as Trustees of JUDA AND SURIE LEFKOWITZ 2016 JOINT REVOCABLE TRUST; 3920 15 AVENUE LLC; 4002 15 AVENUE LLC; and 2389 CONEY ISLAND LLC, | |
| *Respondents.* | |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF <u>MOTION TO REMAND</u>

# I.    <u>INTRODUCTION</u>

Petitioner[1] respectfully submits this Reply Memorandum of Law in further support of the instant Motion to Remand, which seeks, pursuant to 28 <u>U.S.C.</u> § 1447, to remand this proceeding to State Court and for permission to make an application for attorneys' fees due to the bad-faith removal to this Court.

In his moving papers, Mr. Weiss demonstrated that removal was inappropriate because this non-diverse proceeding does not arise under federal law. Rather, it was brought pursuant to <u>N.Y.C.P.L.R.</u> § 7501 *et seq.* to compel arbitration and for an injunction pending arbitration. The Opposition argued that (i) procedurally, this proceeding arises under the Federal Arbitration Act ("FAA") due to the assets at issue in the underlying arbitration, permitting this Court to "look through" the Petition to determine if the arbitration arises under federal law; and (ii) substantively, the underlying controversy to be arbitrated raises substantial federal issues because of "federal forfeiture orders issued under 18 U.S.C. § 1963(m)." ECF No. 20 at 18. To establish federal jurisdiction, both of these Opposition arguments must succeed; should either fail, remand must ensue. As discussed *infra*, neither argument is meritorious.

Plaintiff's attempt to apply the FAA here is misguided in that it relies on an overbroad conception of interstate commerce to shoehorn federal jurisdiction into the underlying dispute while ignoring the explicit statutory language that the FAA only applies where a contract governs the right to arbitration. As to the federal forfeiture orders, Respondents' attempt to muddy the waters cannot undermine the unambiguous case law Petitioner cited: "The mere fact that Plaintiffs' claims concern a federal court order and even seek to invalidate it is not a proper basis for

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in Petitioner's moving papers.

removal." *Gondolfo v. Town of Carmel*, No. 20-CV-9060 (CS), 2021 WL 431148, at *5 (S.D.N.Y. Feb. 8, 2021). As such, the law is clear, and this Court should grant the instant motion.

## II.  ARGUMENT

### A.  The FAA Does Not Govern the Instant Proceeding

In his moving papers, Mr. Weiss explained that look-through jurisdiction is unavailable with respect to the underlying Petition because look-through jurisdiction is only available with respect to Petitions to compel arbitration brought pursuant to Section 4 of the FAA. ECF No. 16 at 5–6. In opposition, Respondents contend that the FAA does apply to whether arbitration can be compelled here because, they claim, the underlying assets implicate interstate commerce, bringing Petitioner's application within the ambit of the FAA. This argument, however, ignores the statutory language of the FAA. The FAA applies to "[a] *written provision in…a contract* evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract…." 9 U.S.C. § 2 (emphasis added).

Respondents' arguments, thus, that the underlying dispute implicates interstate commerce[2] are a red herring because there is no dispute that there is no contract at issue. *See* ECF No. 20 at 17 ("They never signed an arbitration agreement, period…."). Indeed, one of the cases cited by Respondents makes clear that, in determining whether the FAA applies, "the relevant question is not whether the *claim* arises from a transaction involving commerce, but rather whether the *contract*

---

[2] It does not. Respondents' cited cases concern the FAA's applicability to contracts governing the actual interstate commerce at issue. *See*, e.g., *Erving v. Virginia Squires Basketball Club*, 468 F.2d 1064, 1069 (2nd Cir. 1972) (FAA applied to contract for basketball player playing games nationally); *Adams v. Suozzi*, 433 F.3d 220, 226 (2nd Cir. 2005) (FAA applied to contract which "affect[s] the wages, pensions, and job security of public employees"); *Garten v. Kurth*, 265 F.3d 136, 142 (2nd Cir. 2001) (FAA applied to construction contract where "the construction of the playhouse undoubtedly involved materials and labor in interstate commerce"). Respondents carry the burden to show removal was proper but cannot claim the underlying dispute implicates any commerce related to the subject assets.

containing the arbitration clause 'evidenc[es] a transaction involving commerce.'" *Gilbert v. Indeed, Inc.*, 513 F. Supp. 3d 374, 400 (S.D.N.Y. 2021) (quoting 9 <u>U.S.C.</u> § 2) (alteration in original).

The FAA applies to contracts, not claims. Thus, notwithstanding the fact that interstate commerce is not implicated by the underlying dispute, the FAA does not apply in any event because there is no contract mandating arbitration of the underlying dispute. Because the FAA does not apply, there is no basis for this Court to invoke "look through" jurisdiction, Rather, the only legal issue raised by the Petition is Petitioner's right to compel arbitration under New York state law, and as such there was no basis for removal of the Petition to this Court.

### B.    The Purported Forfeiture Orders Do Not Provide a Basis for Removal

In requesting the Court to "look through" the Petition, Respondents attempt to establish federal question jurisdiction by claiming that any arbitration of the underlying dispute "will require a conclusion that the federal forfeiture orders arising from Petitioner's federal criminal conviction and sentence did not mean what they plainly say."[34] ECF No. 20 at 18. But even assuming, *arguendo*,

---

[3] Respondents appear to be purposely vague as to what these purported forfeiture orders "plainly say," and how they had the effect of vesting title to the underlying assets with Respondents. It is telling that, in Respondents' recitation of the relevant facts, they pointedly do not quote from the subject orders. ECF No. 20 at 10–11. Indeed, although Respondents repeatedly refer to "federal forfeiture orders," the relevant Order did nothing other than **DISMISS**[]" the "Preliminary Order of Forfeiture for Substitute Assets" ECF No. 1-6, as to certain assets because "the parties ha[d] settled the issues," ECF No. 1-5. The Order does not purport to make any finding or affect any rights with respect to the underlying assets.

[4] The one case Respondents suggest is an analogue to this one, a lone case of the District of Puerto Rico, *Rodriguez-Rodriguez v. Doctor's Assocs., LLC*, No. CV 19-2138 (SCC), 2021 WL 1098263 (D.P.R. Mar. 19, 2021), has been entirely misrepresented. Respondents claim that the court "vacated an arbitration award on the ground that the petitioner's right, title, and interest in certain franchise agreements had already been adjudicated in a criminal forfeiture proceeding, rendering the award a 'legal nullity.'" ECF No. 20 at 18. What actually occurred was that the award was vacated pursuant to the FAA on the basis that "the arbitrators exceeded their powers," 9 <u>U.S.C.</u> § 10(a)(4), because the plaintiff was no longer a party to the arbitration agreement by dint of the prior forfeiture proceeding, having been replaced in the agreement with the United States, which was not a party to the arbitration proceeding. That logic is wholly inapplicable here, where the decision to arbitrate occurred long after the purported forfeiture, and Respondents are involved in the arbitration.

that were the case, it would not matter: "The mere fact that Plaintiffs' claims concern a federal court order and even seek to invalidate it is not a proper basis for removal." *Gondolfo*, 2021 WL 431148, at *5. Respondents' attempt to distinguish Judge Seibel's clear statement of the law in *Gondolfo* is a smokescreen, a flailing stab to inject ambiguity into the law by selectively citing the cases Judge Seibel relied upon while ignoring the inconvenient ones.

The Opposition argues *Gondolfo* is distinguishable because "the federal forfeiture orders arise under federal law pursuant to 18 U.S.C. § 1963(m), not under state law, as in the cases upon which Petitioner relies." ECF No. 20 at 22. Of course, this reading ignores the plain language of *Gondolfo* and other cases it relies on, which found "[t]hat the case might be regarded as an improper attack on a prior federal judgment does not provide grounds for removal." <u>*Gondolfo*</u>, 2021 WL 431148, at *4 (quoting *Metheny v. Becker*, 352 F.3d 458, 460 (1st Cir. 2003)). *Metheny* itself relied on *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 476 (1998), which found that "removal was improper" where "Respondents defended their removal of the case from state court to federal court on the ground that petitioners' action was precluded, as a matter of federal law, by the earlier Bankruptcy Court orders." The Supreme Court did not dispute the preclusive effect of the Bankruptcy Court orders but noted "[s]uch a defense is properly made in the state proceedings, and the state courts' disposition of it is subject to this Court's ultimate review." *Id.* at 478.

Another case cited by Judge Seibel in *Gondolfo* was *Russell's Garden Ctr., Inc. v. Nextel Commc'ns of Mid-Atl., Inc.*, where remand was ordered despite "Defendants maintain[ing] that subject-matter jurisdiction exist[ed] because the complaint represent[ed], in substance, an impermissible collateral attack on th[e] court's injunction in *Nextel I*." 296 F. Supp. 2d 13, 16 (D. Mass. 2003). In turn, *Nextel I* imposed said injunction because the court "f[ou]nd that the Town

violated sections 332(c)(7)(B)(iii) and 332(c)(7)(B)(i)(II) of the Telecommunications Act." *Nextel Commc'ns of Mid-Atl., Inc. v. Town of Wayland Mass.*, 231 F. Supp. 2d 396, 409 (D. Mass. 2002).

Respondents' attempt to graft new considerations onto this settled area of law (claiming that it is only a threatened attack of federal orders premised on state law which does not support removal) flies in the face of the text of the relevant decisions and is firmly rebutted by cases like *Rivet* and *Nextel*, which clearly establish that even a threatened attack on purely federal law orders does not support removal. Despite Respondents' protestations to the contrary, to rule otherwise would fly in the face of "settled law that a case may not be removed to federal court on the basis of a federal defense…even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."[5] *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 14 (1983). The purported forfeiture orders, like any federal court order, cannot imbue this proceeding with federal question jurisdiction.

## <u>CONCLUSION</u>

For the reasons stated above, Petitioner respectfully requests that the Court grant its motion to remand this proceeding to the State Court, for leave to file a fee application,[6] and for such other relief as this Court deems just and proper.

---

[5] Although Petitioner does not concede that the purported forfeiture orders have any bearing on the underlying dispute, this proposition undermines Respondents' protestations that "the federal issues cannot be characterized as a defense; they must be necessarily decided for Petitioner to prevail." ECF No. 20 at 20.

[6] Because Respondents' opposition to the prong of Petitioner's motion which was to seek leave to file a fee application turns, by and large, on the Court's analysis of the merits of each party's legal arguments, Petitioner rests on his moving brief with respect to that requested relief.

Dated: February 24, 2025
New York, New York

BOCHNER PLLC

*/s/ Jeremy M. Doberman*
Jeremy M. Doberman, Esq.
Isaac M. Diskind, Esq.
1040 Avenue of the Americas, 15th Floor
New York, NY 10018
(646) 971-0685
jeremy@bochner.law
isaac@bochner.law

*Attorneys for Petitioner*

## <u>CERTIFICATION OF COUNSEL</u>

Jeremy M. Doberman, Esq., an attorney duly admitted to practice law before this Court, does hereby certify, pursuant to Rule II(B) of the Individual Rules of Practice of the Honorable Kenneth M. Karas, that the attached document complies with the Court's word count limitation and that the word count of the processing system used to prepare the aforesaid document indicates that the document contains no more than 1,804 words, exclusive of the caption and signature block.

*/s/ Jeremy M. Doberman*
Jeremy M. Doberman, Esq.
